# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| MARLENE SARCHET | CIVIL ACTION NO. 24-1251 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DOLLAR GENERAL CORP, ET AL. | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING

Before the Court is an unopposed Motion for Summary Judgment filed by Defendants, Dollar General Corporation, DG Louisiana, LLC, Dolgencorp, LLC, and Lampert 1, LLC (collectively, "Defendants"). See Record Document 35. Defendants submit summary judgment is proper because Plaintiff Marlene Sarchet ("Sarchet") cannot meet her burden of proof that she was injured as a result of an unreasonably dangerous condition on Dollar General's premises or that Defendants failed to exercise reasonable care. See id. Sarchet did not oppose the defense motion. For the reasons set forth below, the Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

The undisputed facts are as follows. On November 30, 2023, Sarchet was walking up to the entrance of Dollar General Store #23803 located at 7518 Highway 182 East in Morgan City, Louisiana. See Record Document 1-2 at ¶¶ 2-3. As shown in the CCTV footage submitted by Defendants, Sarchet slipped and fell while she was walking on the front sidewalk just outside the store's front entrance. See id. In her deposition, Sarchet stated that there had been a light drizzle that morning, and it had rained the evening before. See Record Document 35-4 at 6, 7. She also stated that water on the concrete caused her to slip and fall and that the water/wetness was caused by the rain the night

before and the current drizzle that morning.  See id. at 11.  Sarchet recalled that it continued to drizzle after she fell.  See id. at 8-9.  The area had no overhang over it and was exposed to the elements.  See id. at 10.

The next day (December 1, 2023), Sarchet returned to the Dollar General and completed a Customer Incident Report.  See id. at 14.  She described the incident as follows:

> I fell rite by the entence door on November 30, 2023.  It was slippy. . . . No wet sign was there.

Id.  Under "Cause of Incident," Sarchet wrote "slip lite drizzle."  Id.

Defendants now move for summary judgment on the ground that Sarchet cannot prove that her alleged injuries were cause by a breach of duty on the part of Dollar General.  See Record Document 35-1 at 2.  On October 16, 2025, Sarchet was given additional time – until November 6, 2025 – to file her response to the pending Motion for Summary Judgment.  See Record Document 46.  To date, Sarchet has not responded.

## LAW AND ANALYSIS

**I.  Summary Judgment Standard.**

A motion for summary judgment should be granted when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552–53 (1986).  In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party."  Deshotel v. Wal-Mart La., L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to

be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

The moving party's motion for summary judgment must be denied if the movant fails to meet this burden. See id. This remains true even when a motion for summary judgment is unopposed, and the motion may not be granted solely because there is no opposition. See Swafford v. Experian Info. Solutions, Inc., No. 18-789, 2019 WL 5597310, at *3 (M.D. La. Aug. 27, 2019); see also Day v. Wells Fargo Bank Nat'l Ass'n, 768 F.3d 435, 435 (5th Cir. 2014) (quoting Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985)). Still, courts are not required to search the record for materials in support of the nonmovant's claim. See Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 (5th Cir. 1992), opinion corrected Mar. 26, 1992.

## II. Premises Liability.

Pursuant to Louisiana Civil Code Articles 2315 and 2317, Sarchet alleges that Defendants breached their duty of care to her. See Record Document 1-2.[1] Under Louisiana law, "the general rule is that the owner or custodian of property has a duty to keep the property in a reasonably safe condition. The owner or custodian must discover any unreasonably dangerous condition on the premises, and either correct the condition

---

[1] Sarchet filed her petition pursuant to general negligence/premises liability. There is no reference in her complaint to the Louisiana Merchant Liability Act, La. Rev. Stat. Ann. § 9:2800.6, presumably because the slip and fall occurred outside of the store.

3

or warn potential victims of its existence." Pryor v. Iberia Par. Sch. Bd., 2010-1683 (La. 3/15/11), 60 So. 3d 594, 596.

Under either a negligence or strict liability theory, "the plaintiff has the burden of proving that: (1) the property which caused the damage was in the 'custody' of the defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a cause in fact of the resulting injury; and (4) defendant had actual or constructive knowledge of the risk." Smith v. The Runnels Schs., Inc., 2004-1329 (La. App. 1 Cir. 3/24/05), 907 So. 2d 109, 112; see also La. C.C. arts. 2315 and 2317.1. Notwithstanding, "defendants generally have no duty to protect against an open and obvious hazard." Pryor, 60 So. 3d at 596. If the condition at issue "should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff." Id. The duty is one of reasonable care under the circumstances.

### III. Analysis.

Sarchet testified in her deposition that there had been a light drizzle the morning she fell; it had rained the evening before; water on the concrete caused her to slip and fall; the water/wetness was caused by the rain the night before and the current drizzle that morning; and it continued to drizzle after she fell. See Record Document 35-4 at 6-11. She further stated that the area where she fell had no overhang and was exposed to the elements. See id. at 10. On the Customer Incident Form, she listed the cause of the incident as "slip lite drizzle." Id. at 14.

The incident in this case took place outside and while it was raining. The concrete was wet from natural, not human, causes. See Sellers v. Caddo Par. Comm'n, 503 So.

4

2d 1073, 1076 (La. Ct. App.), writ denied, 506 So. 2d 1229 (La. 1987) ("On an outdoor sidewalk, rainwater is not a foreign substance."). It is undisputed that there was no foreign substance or hazard that caused the slip and fall. Moreover, Louisiana courts have reasoned that "a person who walks on a surface which is exposed to the weather during a rainfall is charged with knowledge that the surface may be wet, and he is under a duty to exercise the degree of care which is commensurate with that circumstance." Burns v. Child's Props., Inc., 156 So. 2d 610, 614 (La. Ct. App. 1963), writ denied, 245 La. 567, 159 So. 2d 284 (1964).

Here, the undisputed summary judgment evidence establishes that Sarchet knew it was raining, knew the concrete sidewalk was outside and uncovered, and knew the concrete was wet due to the rain. The wet concrete was an open and obvious hazard. Because the wet concrete should have been obvious to Sarchet, it was not an unreasonably dangerous condition and Defendants owed no duty to her. had no duty to protect against. See Pryor, 60 So. 3d at 596. Thus, Sarchet cannot meet her burden of proof as to the second element, that is, the property had a condition that created an unreasonable risk of harm to persons on the premises. Her failure to establish one element is dispositive of her claim and summary judgment in favor of Defendants is appropriate.

## CONCLUSION

Based on the foregoing, the Court finds that there was no unreasonably dangerous condition and that Defendants owed no duty to Sarchet. Accordingly, Defendants' unopposed Motion for Summary Judgment (Record Document 35) is hereby **GRANTED**.

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith. The Clerk of Court will also be directed to close this case.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 30th day of December, 2025.

_____
United States District Judge